David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for Plaintiff
Shelby Bogers

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Shelby Bogers<br><br>                Plaintiff,<br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>                Defendant. | **Case No:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Shelby Bogers, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Portfolio Recovery Associates, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff as well as reporting incorrect, incomplete, and inaccurate information on her credit reports, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), 15 U.S.C. § 1681 *et seq.,* and 28 U.S.C. § 1367 for any supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

10. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.
14. Defendant is located in the City of Norfolk, in the State of Virgina.
15. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).
16. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
18. Defendant is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

## FACTUAL ALLEGATIONS

19. Sometime prior to February 26, 2015 Plaintiff is alleged to have incurred certain financial obligations.
20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
21. Specifically Plaintiff is alleged to owe on a Capital One Account.
22. On or about February 26, 2015, Defendant filed a lawsuit in the Desert Ridge Justice Court case number CC2015-035973RC, ("State Court Collection Lawsuit") in an attempt to collect the alleged debt.

23. Plaintiff disputed the validity of this alleged debt as she believes this was never her account and possibly a result of identity theft. Therefore, Plaintiff fought the State Court Collection Lawsuit to trial.

24. When Plaintiff appeared at trial, Defendant agreed to dismiss the lawsuit with prejudice and to stop all future collection attempts.

25. Plaintiff subsequently learned that Defendant had incorrectly reported the alleged debt on her credit report, thereby causing erroneous and negative credit information in Plaintiff's credit files.

26. Specifically, Defendant had reported the debt as being owed by her when in fact it is not, to the credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

27. Plaintiff made several disputes in an attempt to correct her credit reports.

28. The latest dispute occurred in July of 2017, Plaintiff disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying the credit reporting agency, Experian, in writing, informing them of the incorrect entries including the fact that Plaintiff did not owe the alleged debt.

29. Subsequently Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

30. In these dispute letters, Plaintiff informed the credit reporting agencies of the lawsuit, the subsequent dismissal, and requested that the items be removed from his credit reports.

31. On or about August 7, 2017, Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and his tradeline had been "Verified."

32. This account is not Plaintiff's and should be completely deleted. However, the reporting of a balance owed by Plaintiff is clearly inaccurate.

33. This information is inaccurate and incorrect. Plaintiff maintains that she did not owe the debt in question, therefore the entire account should have been deleted.

34. Furthermore, since Plaintiff was the prevailing party in the State Court Lawsuit, the account should have been deleted.

35. Plaintiff believes that Defendants, upon receiving notice of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

36. Plaintiff believes further believe that Defendants failed to review all relevant information provided by Plaintiff in his dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

37. Due to Defendants' failure to investigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendants to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

38. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant was fruitless.

39. Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

40. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

41. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

42. By reporting the alleged debt on Plaintiff's credit report, Defendant was attempting to collect the alleged debt.

43. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

44. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

45. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

46. This action by Defendant was an attempt to collect an amount not owed, not authorized by the agreement, nor permitted by law and it therefore violated 15 U.S.C. § 1692f(1).

47. Defendant's actions caused Plaintiff actual damages to be suffered by Plaintiff including including but not limited to lower credit scores including credit denials.

48. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships as well as impacting his job.

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### AGAINST DEFENDANT NCS

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §§ 1681 ET SEQ.
## AGAINST ALL DEFENDANTS

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

54. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FDCPA

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Special, general, compensatory and punitive damages.

### FCRA

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: September 1, 2017    By: */s/ David J. McGlothlin*
                                David J. McGlothlin
                                Attorneys for Plaintiff